UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL A. CRICHLOW,

                Plaintiff,

-against-

OLIVERO CONSTRUCTION CORP, *et al.*,

                Defendants.

23-CV-7948 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR SECOND AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application with his complaint, but his responses did not answer the questions and failed to supply sufficient information explaining any sources of income and how he pays any expenses. For example, in question 2, Plaintiff indicated that he is not employed, and in response to the follow up questions regarding his last date of employment and gross monthly wages at that time, he wrote, "not applicable." (ECF No. 2 at 1.) Additionally, in question 4 which asks Plaintiff to state how much money he has in cash or in a checking, savings, or inmate account, Plaintiff wrote, "I do not consent / Moorish Subject amendable to Moorish Jurisdiction[.]" *(Id.* at 2.)

    Because of Plaintiff's failure to answer the questions about his financial status, by order dated September 15, 2023, the Court directed Plaintiff to either pay the $402.00 in fees or submit an amended IFP application. (ECF No. 4.) In response to the Court's order, Plaintiff filed an "Affidavit of Fact/Financial Statement" on September 23, 2023. (ECF No. 5.) This submission is

also insufficient. In this submission, Plaintiff asserts that the Court's September 15, 2023 order is "perfidy, frivolous, fruitless, and erroneous to my due process rights and your oath of office." (*Id.* at 3.) Plaintiff does not provide any information for the Court to determine his ability to pay the filing fees.

Because Plaintiff's ability to pay the fees remains unclear, the Court grants Plaintiff one final opportunity to either pay the $402.00 filing fees or submit a second amended IFP application. Plaintiff must be clear as to his monthly income, the source(s) of that income, any monthly expenses and how he pays those expenses. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 filing fees or submit a second amended IFP application that provides the information necessary for the Court to determine his ability to pay the filing fees. If Plaintiff submits the second amended IFP application, it should be labeled with docket number 23-CV-7948 (LTS), and address the deficiencies described above by providing information to establish that he is unable to pay the filing fees. If the Court grants the second amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If the Court finds that Plaintiff possesses the funds to pay the fees, he may be required to do so.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff submits an insufficient second amended IFP application, the Court will dismiss this action for Plaintiff's failure to comply with the Court's order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 30, 2023
        New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge